**FILED**

**JANUARY 25, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | | |
|---|---|---|---|
| GERALD S. ADELMAN, | ) | | **08 C 565** |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No. | |
| | ) | | |
| REASSURE AMERICA LIFE | ) | | **JUDGE KENDALL** |
| INSURANCE COMPANY, | ) | | **MAGISTRATE JUDGE COX** |
| | ) | | |
| Defendant. | ) | | |

## NOTICE OF REMOVAL OF CIVIL ACTION

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION:**

Removing party, defendant, REASSURE AMERICA LIFE INSURANCE COMPANY ("Reassure" or "defendant/removing party"), by its attorneys, Michael J. Smith and Warren von Schleicher, hereby provides notice of removal pursuant to 28 U.S.C. §1441, *et. seq.*, and respectfully presents this court with the following grounds for removal:

1.     Reassure, the removing party, is the defendant in an action captioned *Gerald S. Adelman v. Reassure America Life Insurance Company,* No. 2007 M1 224147 now pending in the Circuit Court of Cook County, Municipal Department, First District ("Complaint"). Plaintiff, Gerald S. Adelman ("plaintiff"), commenced this action on December 10, 2007 in the Circuit Court of Cook County, Municipal Department, First District.

2.     The Summons and Complaint (attached hereto as Exhibits A and B, respectively) in connection with the aforementioned action constitute all of the process, pleadings and orders served on the defendant/removing party. In addition, defendant/removing party has filed a Motion to Dismiss in the Circuit Court of Cook County, Municipal Department, First District. A copy of this pleading is attached hereto as Exhibit C. There have been no further proceedings in

connection with this case in the Circuit Court of Cook County, Municipal Department, First District.

3.    On December 28, 2007, the Summons and Complaint were served on the Illinois Department of Financial and Professional Regulation on behalf of defendant/removing party, Reassure.

4.    By reason of the date of service on the defendant/removing party of the Summons and Complaint, the defendant/removing party is required to file its Notice of Removal on or before January 28, 2008 (30 days after service of the Summons and Complaint falls on Sunday, January 27, 2008 and, therefore, the Notice of Removal is due on Monday, January 28, 2008). Because the defendant/removing party has filed its Notice of Removal on or before January 28, 2008, defendant/removing party's Notice of Removal is timely filed pursuant to 28 U.S.C. §1441 and §1446.

5.    This civil action is removable pursuant to 28 U.S.C. § 1331, in that the Employment Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et. seq.* ("ERISA") governs the aforementioned entitled action and completely preempts all state law claims asserted against defendant/removing party, Reassure, by the plaintiff in the Complaint based on 29 U.S.C. §1132(a) and the complete preemption doctrine of federal jurisdiction.

6.    Plaintiff's Complaint references, in paragraph 2, a policy of insurance that provides a $150,000.00 death benefit and, in paragraph 4, that under the terms of the policy of insurance and "forms" executed in connection therewith, plaintiff is the beneficiary of 15% of the $150,000.00 life insurance policy death benefit. Plaintiff did not, however, attach the insurance policy to the Complaint. Reassure, therefore, attaches to this removal petition, as Exhibit D, a complete copy of the Group Insurance Policy referenced by plaintiff in his

Complaint, together with the application therefor.  The Group Insurance Policy was purchased

from General Life Insurance Company, was issued to policyholder, the PETA Trust and

designates the Insured Person as Warwick L. Greville and the participating employer, pursuant to

the PETA Trust, as M.D. Warwick R. Greville, S.C., and the Group Insurance Policy was

purchased in order to provide group life insurance benefits to Warwick L. Greville, an employee

of M.D. Warwick R. Greville, S.C. as an employee benefit.  M.D. Warwick R. Greville, S.C.

established and endorsed the Group Insurance Policy as its group life insurance program by

purchasing the Group Insurance Policy and offering and paying for coverage under the Group

Insurance Policy as a benefit of Warwick L. Greville's  employment with M.D. Warwick R.

Greville, S.C.

       7.     The plaintiff alleges, in the Complaint, that, as a beneficiary of 15% of the death

benefit under the Group Insurance Policy, he is entitled to monies pursuant to the Group

Insurance Policy.  The plaintiff, in the Complaint, claims that defendant/removing party has

refused to pay to him the death benefit to which he claims he is entitled, which is allegedly due

and owing to the plaintiff under the terms of the Group Insurance Policy.  The plaintiff,

therefore, alleges a colorable claim to 15% of the Group Insurance Policy's death benefit as a

beneficiary of the Group Insurance Policy.  Reassure denies that plaintiff is entitled to the death

benefit to which plaintiff claims entitlement.

       8.     The above entitled action is a civil action related to a claim for benefits under a

group life insurance policy, which is part of or related to an employee welfare benefit plan

established under ERISA, issued by General Life Insurance Company to the PETA Trust for

participating employers such as M.D. Warwick R. Greville, S.C. and claims in connection with

such policy are administered by defendant/removing party, Reassure.  Because the plaintiff seeks

3

to recover benefits under the terms of the Group Insurance Policy, his claim cannot be resolved without an interpretation of the terms and conditions of the Group Insurance Policy. The plaintiff's action to recover benefits, therefore, arises under and is governed by 29 U.S.C. §1132(a)(1)(B).

9.     By reason of the terms of the Group Insurance Policy and the plaintiff's claim for benefits under the terms of the Group Insurance Policy, this case is properly removable from the Circuit Court of Cook County, Municipal Department, First District to the United States District Court for the Northern District of Illinois, Eastern Division based on the complete preemption doctrine of federal jurisdiction, 29 U.S.C. §1132(a), and federal question jurisdiction, 28 U.S.C. §1331.

10.     Because there is federal question jurisdiction in this matter pursuant to 28 U.S.C. §1331 based on ERISA and the complete preemption doctrine of federal jurisdiction (29 U.S.C. §1132(a)), the defendant/removing party is entitled to removal of this matter from state court to federal court pursuant to 28 U.S.C. §1441.

WHEREFORE, defendant/removing party, REASSURE AMERICA LIFE INSURANCE COMPANY, requests that the above entitled action be removed from the Circuit Court of Cook County, Municipal Department, First District to the United States District Court for the Northern District of Illinois, Eastern Division.

| | |
|---|---|
| Michael J. Smith | Respectfully submitted, |
| Smith, von Schleicher & Associates | |
| 39 S. LaSalle St., Suite 1005 | |
| Chicago, Illinois  60603 | By: /s/ Michael J. Smith_____ |
| (312) 541-0300 | Attorney for Defendant/Removing Party, |
| Illinois ARDC #2649691 | Reassure America Life Insurance Company |
| michael.smith@svs-law.com | |

# EXHIBIT A
# TO REMOVAL PETITION



# Illinois Department of Financial and Professional Regulation
## Division of Insurance

**ROD R. BLAGOJEVICH**
Governor

**DEAN MARTINEZ**
Secretary

**MICHAEL T. McRAITH**
Director
Division of Insurance

December 28, 2007

Reassure America Life Insurance Company
175 King Street
Armonk, New York  10504

Re:  Case Number:  2007 M1 224147

Gentlemen:

Enclosed please find a copy of Summons and Verified Complaint mailed and received in my Springfield Office as your agent for service of process on December 28, 2007 in the case of Gerald S. Adelman, vs. your company et al.

Sincerely,

Michael T. McRaith
Director

MTM:EMC:msc
Encl.

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

320 W. Washington
Springfield, Illinois 62767-0001
www.idfpr.com

Served 2220 - Not Served    2620 - Sec. of State
- Alias Served    2221 - Alias Not Served    2621 - Alias Sec. of State

Summons (This form replaces CCM 0646, CCM1 0646, CCM1 0651, CCMD 0648, and CCMD 0649-2 thru 6)    **CCM N649-60M-9/15/06** (                    )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### 1st    MUNICIPAL DISTRICT

Name All Parties

GERALD S. ADELMAN

_____
**Plaintiff(s)**

v.

REASSURE AMERICA LIFE INSURANCE COMPANY
_____
**Defendant(s)**

Dir. of Insurance, 100 W. Randolph, # 9-301, Chicago, IL
_____
**Address of Defendant(s)**

Case No. ___ 20071224147
CALENDAR/ROOM 1106
TIME 09:30
Amount Claimed: $ 22,500.00    Contract

Appearance Filing/Return Date: 01-10-2008

Status Date: _____

Trial Date: _____

Time: _____ Room: _____

### SUMMONS

To each Defendant:

**YOU ARE SUMMONED and required:**

1. To file your written appearance by yourself or your attorney and pay the required fee in:

☒ District 1: Richard J. Daley Center; 50 West Washington, Room 602; Chicago, IL 60602
☐ District 2: 5600 Old Orchard Rd., Rm 136; Skokie, IL 60077    ☐ District 5: 10220 S. 76th Ave., Rm 121; Bridgeview, IL 60455
☐ District 4: 1500 Maybrook Dr., Rm 236; Maywood, IL 60153

on _____, _____, between the hours of 8:30 a.m. and 2:30 p.m.;

☐ District 3: 2121 Euclid, Rm 121; Rolling Meadows, IL 60008    ☐ District 6: 16501 S. Kedzie Pkwy., Rm 119; Markham, IL 60428
on _____, _____, before 9:00 a.m.

2. File your answer to the complaint before 9:00 a.m. as required by the applicable subsections of Paragraph 3 or 4 in the NOTICE TO THE DEFENDANT on the reverse side.

**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT, A COPY OF WHICH IS HERETO ATTACHED.**

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service, and not less than 3 days before the day for appearance. If service cannot be made, this summons shall be returned so endorsed.

This summons may not be served later than 3 days before the day for appearance.

**THERE WILL BE A FEE TO FILE YOUR APPEARANCE. SEE FEES ON THE REVERSE SIDE OF THIS FORM.**

Atty. No.: 13927 _____

Name: Brandwein & Smolin

Atty. for: Plaintiff

Address: 20 South Clark Street, Suite 410

City/State/Zip: Chicago, Illinois 60603

Telephone: (312) 853-0008

WITNESS, _____, _____

**DOROTHY BROWN** DEC 10 2007

**DOROTHY BROWN, Circuit Court Clerk**

Date of Service: _____, _____
(To be inserted by officer on copy left with Defendant or other person)

‹ | SEE REVERSE SIDE |

** Service by Facsimile Transmission will be accepted at: _____
(Area Code)    (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

# EXHIBIT B
# TO REMOVAL PETITION

STATE OF ILLINOIS )
) SS.
COUNTY OF COOK )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
FIRST MUNICIPAL DISTRICT

CALENDAR/ROOM 1106
TIME 09:30
Breach of Contract

GERALD S. ADELMAN, )
)
Plaintiff, )
-vs- )          Case No:
)
REASSURE AMERICA LIFE INSURANCE )
COMPANY, )
)
Defendant. )

VERIFIED COMPLAINT

NOW COMES Plaintiff **GERALD S. ADELMAN** by his attorneys *Brandwein & Smolin,* and complaining against **REASSURE AMERICA LIFE INSURANCE COMPANY** states as follows:

1.      That Defendant is an insurance company duly licensed to sell polices of life insurance in the state of Illinois, and at all relevant times was and is doing business in Cook County, Illinois.

2.      That on or about November 10, 1981, Dr. Warwick L. Greville purchased a policy of life insurance effective January 1, 1982 from General Life Insurance bearing policy number 9921 and providing a $150,000.00 death benefit.

3.      That Defendant has assumed all obligations under said policy.

4.      That on or about January 24, 1994 Dr. Warwick L. Greville, for good consideration, made Plaintiff a beneficiary entitled to fifteen percent (15%) of the death benefit. Dr. Warwick L. Greenville executed all forms by Defendant or Defendant's predecessor to make Plaintiff a fifteen percent (15%) beneficiary.

5.      That on January 10, 2006, Dr. Warwick L. Greville died.

6.      That Plaintiff has made demand of Defendant for payment of $22,500.00 as a beneficiary entitled to fifteen percent (15%) of the death benefit. All demands have to date been denied.

**WHEREFORE**, Plaintiff Gerald S. Adelman prays for judgment in his favor and against Defendant Reassure America Life Insurance Company in the amount of $22,500.00 plus costs.

Respectfully Submitted,

David M. Smolin
One of the Attorneys for Plaintiff

Attorney No: 13927
**BRANDWEIN & SMOLIN**
20 South Clark Street, Suite 410
Chicago, Illinois 60603
(312) 853-0008

# V E R I F I C A T I O N

Under the penalties of perjury and as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this Verified Complaint are true and correct, except as to matters stated to be on information and belief and as to such matters the undersigned believes the same to be true.

_____
Date

_____
Gerald S. Adelman

SUBSCRIBED and SWORN to before me this
___ day of _____, 2007.

_____
NOTARY PUBLIC

OFFICIAL SEAL
DAVID SMOLIN
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES:08/14/06

OFFICIAL SEAL
DAVID M SMOLIN
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:02/21/11

# EXHIBIT C

# TO REMOVAL PETITION

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## MUNICIPAL DEPARTMENT, FIRST DISTRICT

| | | |
|---|---|---|
| **GERALD S. ADELMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 2007 M1 224147** |
| | ) | |
| **REASSURE AMERICA LIFE** | ) | |
| **INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### NOTICE OF MOTION

To:   David M. Smolin
      Brandwein & Smolin
      20 South Clark St., Suite 410
      Chicago, Illinois  60603

PLEASE TAKE NOTICE that, on the 11th day of February, 2008, at 9:30 A.M., or as soon thereafter as counsel may be heard, I shall appear before the judge presiding in Court Room 1501 at the Richard J. Daley Center, Chicago, Illinois and shall then and there present the attached **REASSURE AMERICA LIFE INSURANCE COMPANY'S MOTION TO DISMISS THE VERIFIED COMPLAINT** at which time and place you may appear if you see fit.

Respectfully submitted,

By: _____
    Attorney for Defendant, Reassure America Life
    Insurance Company

Michael J. Smith
Warren von Schleicher
Smith, von Schleicher & Associates
39 S. LaSalle St., Suite 1005
Chicago, Illinois  60603
(312) 541-0300
Atty. No. 19544

## CERTIFICATE OF SERVICE

I, Julie Pambianco, a non-attorney, pursuant to penalties as provided by 735 ILCS 5/1-109, hereby certify that I have served the attached NOTICE OF MOTION, along with any documents listed therein, on the individuals as above addressed, by depositing same in the U.S. Mail, postage prepaid, at 39 S. LaSalle St., Chicago, Illinois on the _____ day of _____, 2008.

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
MUNICIPAL DEPARTMENT, FIRST DISTRICT

| | | |
|---|---|---|
| GERALD S. ADELMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2007 M1 224147 |
| | ) | |
| REASSURE AMERICA LIFE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## REASSURE AMERICA LIFE INSURANCE COMPANY'S
## MOTION TO DISMISS THE VERIFIED COMPLAINT

Defendant, REASSURE AMERICA LIFE INSURANCE COMPANY ("Reassure"), by

its attorneys, Smith, von Schleicher & Associates, hereby moves the Court, pursuant to 735 ILCS

5/2-615, to dismiss the Verified Complaint filed by plaintiff, GERALD ADELMAN

("Adelman") and states as follows:

1.     Adelman filed his Verified Complaint on December 10, 2007, alleging, in

paragraph 2, that, on or about November 10, 1981, Dr. Warwick L. Greville purchased a life

insurance policy providing a $150,000.00 death benefit.

2.     In paragraph 4 of the Verified Complaint, Adelman states that he is a beneficiary

of the death benefit pursuant to the execution of "forms" by Dr. Warwick L. Greville.

3.     Pursuant to 735 ILCS 5/2-606, if a claim is founded upon a written instrument

(such as Adelman's claim which is based on an insurance policy and/or beneficiary forms related

thereto), a copy thereof or relevant parts thereof **must** be attached to the pleading (Complaint) as

an exhibit or recited therein.

3.     The Verified Complaint filed by Adelman on December 10, 2007 did not have

attached thereto the life insurance policy issued to Dr. Warwick L. Greville or the beneficiary

forms executed by Dr. Warwick L. Greville which allegedly make Adelman a beneficiary to the death benefit for which he is making claim.

    4.    Reassure, therefore, requests that the Court dismiss the Verified Complaint filed by Adelman.

    WHEREFORE, defendant, REASSURE AMERICA LIFE INSURANCE COMPANY, requests that the Court dismiss the Verified Complaint filed against it by plaintiff, GERARD ADELMAN.

Respectfully submitted,

By: _____
    Attorney for Defendant, Reassure America Life
    Insurance Company

Michael J. Smith
Warren von Schleicher
Smith, von Schleicher & Associates
39 S. LaSalle St., Suite 1005
Chicago, Illinois  60603
(312) 541-0300
Atty. No. 19544

# EXHIBIT D

# TO REMOVAL PETITION



# General Life Insurance

### Corporation of Wisconsin
735 North Water Street, Milwaukee, Wisconsin 53202
414-271-5433

A Stock Company
(Hereinafter called Company)

The Company certifies that on the Effective Date the Insured Person became insured under the Group Policy numbered herein. The benefits are described on the Schedule Page. This Certificate describes the chief provisions of the Group Policy and is subject to all provisions of such policy.

SECRETARY                              PRESIDENT

Examined by _____

GTL-3446 (10/81)          **GROUP TERM LIFE INSURANCE CERTIFICATE**          Page 1



SCHEDULE PAGE

GROUP POLICY NUMBER  2000                    CERTIFICATE NUMBER  0099211

POLICYHOLDER                                 EFFECTIVE DATE      JAN 01, 1982

                                             PREMIUM CLASS       STANDARD
          PETA TRUST
                                             BENEFICIARY
                                             AS STATED IN THE APPLICATION,
INSURED PERSON WARWICK L GREVILLE            UNLESS SUBSEQUENTLY CHANGED

AGE AT EFFECTIVE DATE 45      MALE           ANTICIPATED RETIREMENT AGE 60

PARTICIPATING EMPLOYER

 M D WARWICK R GREVILLE S C

OWNER WARWICK L GREVILLE

                          SCHEDULE OF INSURANCE

GROUP TERM LIFE INSURANCE:

 PRIOR TO ANTICIPATED RETIREMENT AGE
    AMOUNT   $150,000

    WAIVER OF PREMIUM




AFTER ANTICIPATED RETIREMENT AGE
    AMOUNT   $150,000

INTERIM TERM INSURANCE PRIOR TO EFFECTIVE DATE:     NONE

## ALPHABETIC GUIDE TO YOUR CERTIFICATE

This certificate sets forth, in detail, the rights and obligations of you, your Employer and General Life Insurance.

IT IS IMPORTANT THAT YOU READ YOUR CERTIFICATE CAREFULLY!

|  | PAGE |  | PAGE |
|---|---|---|---|
| Applicable Schedule of Insurance | 4 | Individual Certificates | 6 |
| Amendment and Alteration of Contract | 5 | Insurance Data | 5 |
| Beneficiary | 5 | Insuring Clause | 3 |
| Conformity With Law | 6 | Misstatements of Age | 6 |
| Conversion Privilege | 4 | Ownership and Assignment | 3 |
| Definition of Participating Employer | 4 | Participating Employer's Effective Date | 4 |
| Discontinuation of Insurance | 5 | Pronouns | 6 |
| Effective Date of Insurance | 3 | Schedule of Insurance | 3 |
| Entire Contract | 5 | Suicide | 5 |
| Eligibility for Insurance | 3 | Termination of Insurance | 4 |
| Incontestability | 5 | Term of Insurance | 3 |

GENERAL PROVISIONS

**INSURING CLAUSE** - If a person shall die while he is insured under the Group Policy, the Company will pay the amount of group life insurance then in force to the Beneficiary. The Company must receive due proof of the death.

**ELIGIBILITY FOR INSURANCE** - The persons eligible for insurance shall be those employees of a qualifying Participating Employer who are specified in an Adoption and Participation Agreement. (In the Group Policy it is referred to as Participation Agreement.) The Agreement must have been signed by the Employer, approved by the Company, and made a part of the Group Policy. Each person shall be eligible for insurance on the first day of the month after the waiting period. The waiting period is specified in the Participation Agreement. The Company reserves the right to reject any person for insurance. This will be based upon the Company's underwriting judgment. The term "employee" shall include employees who retire after having been employed full time and paid for their services.

**EFFECTIVE DATE OF INSURANCE** - Each person who qualifies for insurance shall do so on the plan's Effective Date. The Effective Date has been set forth in the Participation Agreement. The person must be engaged in active work on that date. Otherwise, insurance shall commence on the day on which the person returns to active work.

The insurance on a person who qualifies after the Effective Date shall commence on the next anniversary of that Date. A person must be engaged in active work at such time. Otherwise, the coverage shall commence on the date on which the person returns to work.

A change of classification, compensation or change in the Schedule of Insurance may warrant a review of coverage. Any request for an increase in coverage on a person shall be filed through the Company. It shall take effect on the anniversary of the Effective Date following approval by the Company.

Any increase in coverage shall not take effect unless risk has been accepted by the Company. The first premium must also have been paid.

**TERM OF INSURANCE** - A term of insurance with respect to each person insured by the Group Policy commences with the Effective Date of coverage for the person. The term ends on the next Premium Due Date for the Employer's Group Insurance Plan. The term will automatically renew on the next Premium Due Date and each Due Date thereafter. The term will not renew if the Employer cancels the insurance or such insurance has otherwise terminated.

**SCHEDULE OF INSURANCE** - No person shall be insured under the Group Policy for an amount and plan of insurance other than those provided in accordance with this section.

The amount and plan of insurance shall be determined by a person's classification. Such classifications are set forth in the Schedule of Insurance in the Employer's Participation Agreement.

Any person who is eligible in more than one class shall be insured only in the class for which the largest amount of insurance is provided.

**OWNERSHIP AND ASSIGNMENT** - The Owner shall be named in the Group Enrollment Application or any like form used by the Company. The Owner shall be entitled to exercise all rights provided by the Group Policy. If the Owner wishes to assign his rights, he must do so by written notice to the Company. Such rights shall then be transferred to the assignee. The rights of any Beneficiary not designated irrevocably shall be subject to the rights of the assignee. No assignment of this policy shall bind the Company until it is filed at the Home Office. The Company will assume no responsibility for the validity of any assignment.

GTL-3446 (10/81)                                                                                           Page 3

## PARTICIPATING EMPLOYER PROVISIONS

**DEFINITION OF PARTICIPATING EMPLOYER** · A Participating Employer is one who has adopted and agreed to participate in a Trust established under a Trust Agreement. Such Employer appoints a Trustee to whom the Group Policy is issued. The Employer's Participation Agreement must be approved by the Administrator of the Trust Agreement.

**PARTICIPATING EMPLOYER'S EFFECTIVE DATE** · The Effective Date of each Participating Employer's Plan of Group Insurance shall be the date set forth in the Participation Agreement.

**APPLICABLE SCHEDULE OF INSURANCE** · The Schedule of Insurance and Plan or Plans of Insurance shall apply to employees of each Participating Employer. The Schedule or Plans shall be such as are set forth in the Employer's Participation Agreement.

## TERMINATION OF INSURANCE

Unless otherwise provided by rider or amendment, a person's coverage under this policy shall terminate on the earliest of any of these dates:

(1)    The date of termination of the Group Policy.

(2)    The first day of the month the Employer ceases to be a Participating Employer as set forth in the Group Policy.

(3)    The last day of the period for which a premium has been paid except as otherwise stated by the Grace Period provisions of the Group Policy.

(4)    If contribution to premiums are required of such person, the last day for which a contribution was made by such a person.

(5)    The date on which such person shall cease to be a member of a class eligible for insurance; the terms of which are set forth in the Participation Agreement, which is amended from time to time.

(6)    The date on which such person ceases to be an employee.

## CONVERSION PRIVILEGE

If a person's insurance terminates because of termination or because he ceases to be a part of an eligible class, he shall be entitled to convert his group coverage to an individual policy. The person who converts his group insurance will not be required to supply evidence of insurability. The amount shall not be greater than the amount of group coverage currently in force. It shall not include disability benefits. A written application and first premium payment must be submitted to the Company within 31 days after the group insurance terminates. The new policy will be issued at the Insured's attained age. Premiums will apply to the new age and class of risk to which the Insured belonged prior to the conversion. The new insurance will take effect 32 days after the date on which the group life insurance terminates.

If an insured person's life insurance terminates for any of the remaining reasons set forth under the "Termination of Insurance," the same terms for conversion shall apply. If a person converts his insurance to an individual policy, the benefits will be in lieu of those to which he was entitled under the Group Policy.

**PAYMENT DURING THE 31 DAY CONVERSION PERIOD** - If an insured person dies within the 31 day period following termination, the death claim will be paid under the Group Policy. The person need not have filed an individual application nor have made the first payment. The person must, however, have been entitled to convert his insurance under the Group Policy to begin with.

GLT-3446 (10/81)                                                                 Page 4

## BENEFICIARY

When an Insured dies, the Company will pay the death benefit to the Beneficiary. The Company must receive proof that the death of the Insured occurred while insurance under the Group Policy is in force. In lieu of payment in one lump sum, the Company may provide for other methods of payment.

An Owner may, from time to time, change the Beneficiary. This may be done by filing written notice with the Company. The Company will acknowledge the change by an endorsement. The endorsement should be attached to this Certificate. The change will take effect on the date the notice was signed. The change will not take effect if the Company has paid the death claim before acknowledgement of the change. When a change takes effect, any interest of the previous Beneficiary will cease.

If there is more than one Beneficiary, and the Owner has failed to state their respective interests, the Beneficiaries will share equally. If any Beneficiary should die before the Insured, his interest will terminate and the remaining Beneficiaries will share equally. If there is no Beneficiary, any amount payable will be paid to the Insured's estate.

Any amount payable to a Beneficiary who is also a minor may be paid to the legal guardian of such minor.

## MISCELLANEOUS PROVISIONS

**DISCONTINUATION OF INSURANCE** - A Participating Employer may cancel the insurance on his employees as of the Premium Due Date. Notice of cancellation must be given in writing to the Company in advance of that date.

Any termination of insurance under this section shall in no way affect the rights of any person to convert his insurance.

**ENTIRE CONTRACT** - The following shall form the entire contract:

(1)   The Group Policy.

(2)   The Application for the Group Policy.

(3)   The Participation Agreement of each Employer.

(4)   The enrollment forms of the persons to be insured under the Group Policy.

All statements made in application, in the absence of fraud, are representations and are not warranties. No statement will void the contract unless it is made in an application. Supplemental applications shall be made a part of this contract when there has been a change in the amount of insurance.

**SUICIDE** - If the Insured commits suicide, while sane or insane, within two years from the Effective Date, the Company will be liable only for the return of all premiums paid.

**INCONTESTABILITY** - This coverage will be incontestable after it has been in force for two years from the Effective Date except for nonpayment of premium. Any increase in amount after the Effective Date shall be incontestable only after it has been in force for two years following its Effective Date.

**INSURANCE DATA** - Each Participating Employer will furnish the Company with all data required for calculation of premium. The same will apply to any other data that may reasonably be required by the Company.

**AMENDMENT AND ALTERATION OF CONTRACT** - The Group Policy may be changed at any time subject to the laws of the state in which it was delivered. It may be changed without the consent of the Owners, the persons insured or their Beneficiaries. The change must be made by written agreement between the Policyholder and the Company.

Only the President, Vice President or Secretary of the Company has the power to change, modify or waive the provisions of the Group Policy. Any such changes or waivers must be in writing. The Company shall not be bound by any promise or representation made by or to any agent or person other than as stated above.

**CONFORMITY WITH LAW** - If any provisions of the Group Policy is contrary to any law to which it is subject, such provision is hereby amended to conform to that law.

**MISSTATEMENTS OF AGE** - If the age of any Insured Person has been misstated, the benefits payable will be those shown in the Schedule of Insurance for his true age. Premium adjustments will be made based upon the true age.

**INDIVIDUAL CERTIFICATES** - The Company will issue to the Participating Employer an individual certificate to be delivered to each person insured under the Group Policy. The certificate shall set forth a statement as to the protection to which each person is entitled, to whom the benefits are payable, and other provisions of the Group Policy. The word "certificate" as used herein shall include riders and supplements, if any. Such certificates shall not constitute a part of the Group Policy.

**PRONOUNS** - Masculine pronouns used in the Group Policy will apply equally to both male and female persons.

# WAIVER OF PREMIUM BENEFIT RIDER

### Nature of Benefit

A person insured under the policy to which this Rider is attached shall be insured for Waiver of Premium Benefits if his Participating Employer so specifies in his Participation Agreement, if the Company has approved such benefits for such person, and if the premium therefore has been paid.

Upon receipt of due proof by the Company that any person, while insured under the policy for Waiver of Premium Benefits and prior to the Effective Date of the Plan nearest his sixtieth birthday, has become totally disabled, the Company will waive the payment of all premiums with respect to such person's insurance that become due during such total disability. If such disability is continuous and extends to such person's Anticipated Retirement Date as specified in his Participating Employer's Participation Agreement or Age 65, whichever is later, such disability will be deemed to be permanent and no further premiums shall be due with respect to such person's insurance.

For purposes of the Waiver of Premium Benefit provision, "premium" means only the premiums payable under the policy including premiums, if any, for the Waiver of Premium Benefit and the Accidental Death Benefit. Deposits required by the Retired Lives Reserve Rider will not be waived.

### Definition of Total Disability

Total disability means disability resulting from bodily injury or disease that prevents the insured from engaging in his customary occupation or any occupation for remuneration or profit for which his education and training might reasonably fit him and which disability has existed continuously for at least six months.

The total and irrecoverable loss of the sight of both eyes, or the loss by severance of both hands at or above the wrist, of both feet at or above the ankle, or of one hand and one foot at or above the wrist and ankle respectively, will be considered total disability even if the insured engages in an occupation.

### Limitations

No premium will be waived under this provision if disability resulted directly or indirectly from:

    a.    bodily injury intentionally self-inflicted;

    b.    injury occurring or disease originating while the insured is a member of the military, naval, air force, or other similar establishments of a nation at war, declared or undeclared;

    c.    committing or attempting to commit an assault or felony or resisting or fleeing from arrest.

### Notice of Claim

Written notice of claim for Waiver of Premium Benefits must be received by the Company at its Home Office:

    a.    during the lifetime of the person with respect to whose insurance the claim is being made.

    b.    during the continuance of total disability; and

    c.    not later than one year after the earlier of the following dates.

        1.    the insured person's sixtieth birthday, and

        2.    the insured person's Anticipated Retirement Date, specified as indicated under Nature of Benefit above.

No premium will be waived if its due date was more than one year before receipt of the notice of claim.

1

The Waiver of Premium Benefit on any person insured under the Policy shall automatically terminate upon the earliest of the following dates:

    a.    the date of termination of such person's insurance under the termination provisions of the Policy as stated under the heading, "Termination of Insurance"; and

    b.    the anniversary of the Effective Date of the Participating Employer's Plan of Group Insurance nearest the date of such person's sixtieth birthday; and

    c.    the date of such person's Anticipated Retirement Date as specified above.

### Premiums

Premiums for the Waiver of Premium Benefit shall be computed on the basis of the rates stated in Appendix A for the amount and plan of insurance elected by the Participating Employer in his Participation Agreement.

_____
President

TL-3445-2

# SUPPLEMENTAL AGREEMENT FOR
# WAIVER OF PREMIUM BENEFIT

## GENERAL

A person insured under the policy to which this Agreement is attached shall be insured for Waiver of Premium Benefits. This is subject to the terms of this Agreement and the policy. Disability must occur while this Agreement and the policy are in force. The premium for this Agreement is shown on the Schedule Page of the policy.

## THE BENEFIT

A. The Company will waive the payment of Premiums due to the disability of the Insured. All premiums becoming due beyond the policy month in which the total disability begins will be waived during the continuance of total disability.

B. The Company will refund any premiums paid beyond the policy month in which total disability began.

## DEFINITION OF TOTAL DISABILITY

A. TOTAL DISABILITY  — Total disability is disability which:

1. results from bodily injury or disease;

2. begins while this Agreement is in force, after the Insured's 15th birthday, and before the policy anniversary nearest the Insured's 60th birthday;

3. exists continuously for at least six months; and

4. prevents the Insured from engaging in an occupation. During the first 12 months of disability, an occupation is the occupation of the Insured at the time disability began. After the first 12 months, an occupation is any occupation for which the Insured is qualified by education, training or experience.

B. PRESUMPTIVE TOTAL DISABILITY – Even if the Insured engages in an occupation, the total and irrevocable loss of any of the following will be considered total disability.

1. Sight of both eyes

2. Use of both hands

3. Use of both feet

4. Use of one hand and one foot

C. NOT COVERED – The Company will not waive premiums if total disability results from:

1. intentional self-inflicted injury;

2. declared or undeclared war, or any act incident to war, or any conflict involving the armed forces of one or more countries; or

3. travel in or descent from any space or air craft, while the Insured is receiving training or acting in any capacity other than as a passenger;

## UNITED INSURANCE COMPANY OF AMERICA

3282

**PROOF OF DISABILITY**

Before any premium is waived, proof of total disability must be received by the Company:

A.   during the lifetime of the Insured;

B.   during the continuance of total disability; and

C.   not later than one year after the policy anniversary nearest the Insured's 60th birthday.

Although proof was not given within the time specified above, premiums will be waived if proof is received as soon as reasonably possible.


**PROOF OF CONTINUANCE OF DISABILITY**

Proof of continuance of total disability may be required once a year. If proof is not furnished when required, no further payments will be waived.


**PAYMENT OF PREMIUMS**

A premium becoming due during a period of disability, but before the Company has approved waiver of the premium, is payable and must be paid. A premium paid and later waived will be refunded. If the premium is not paid, it will be waived if total disability began before the end of the grace period.


**TERMINATION OF AGREEMENT**

This Agreement will terminate:

A.   upon termination of the policy;

B.   on the policy anniversary nearest the Insured's 60th birthday.


Signed for the Company at Chicago, Illinois, on the date of issue of the policy unless a different date is shown here.


        Secretary                                    President


3282



# General Life Insurance
## Corporation of Wisconsin

*099211*
*99285*

735 NORTH WATER STREET, MILWAUKEE, WISCONSIN 55202

# GROUP ENROLLMENT APPLICATION

**PART 1**

| | |
|---|---|
| **1.** First _DR. WARWICK L._  Middle  Last Name of Proposed Insured _GREVILLE_ | **12.** Plan — Amount |
| **2.** Residence Address No./Street or R.R. _1106 SOUTH WILKE STREET APT. 30T_ | Group Term RLR Pre-Retirement ☒  $ _150,000_ |
| City _ARLINGTON HEIGHTS_ State _ILLINOIS_ | Group Term RLR Post-Retirement ☒  $ _150,000_ |
| County _____ Zip Code _60005_ | Post-Retirement Death Benefit (Wraparound only) ☐  $ _____ |
| | Waiver of Premium ☒   ADB Amount ☐  $ _____ |
| **3.** Sex ☒ Male ☐ Female  Date of Birth Mo./Da./Year _05/30/39_  Birthplace _AUSTRALIA_ (State)  Age _45_ Ht. _6'3"_ Wt. _190_ | **13.** Anticipated Retirement Date or Age: _60_ |
| **4. A.** Occupation _PHYSICIAN_   B. Social Security No. _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_ | **14.** Total Life Insurance in Force on Your Life, including Business Insurance. If none, show "none." |
| **5.** Name of Employer/Date of Employment _WARWICK L. GREVILLE M.D., S.C._ | Company _MONARCH LIFE_  Yr. of Issue _1962_  Plan _W.L._  Amount _$10,000_  Acc. Death? |
| **6.** Business Address: No/Street _1300 EAST CENTRAL ROAD SUITE 1_ | |
| City _ARLINGTON HEIGHTS_ State _ILL_ Zip Code _60005_ | |
| **7.** Have you ever been declined, rated or charged an extra premium for Life or Health Insurance or offered a policy different from that applied for or had reinstatement of insurance refused? If yes, give companies, dates and details.   Yes ☐  No ☒ | **15.** Will proposed insurance replace, or cause change in any existing Life or Annuity policy? If yes, complete replacement requirements of this state and name of company whose policy is being replaced.   Yes ☐  No ☒ |
| | **16.** Primary Beneficiary _MRS. SHEILA R. GREVILLE_  Relationship _SPOUSE_ |
| **8.** Have you any application pending for Life or Health Insurance with this or any other company? If yes, give company and amount in Section 14.   Yes ☒  No ☐ | Contingent Beneficiary, if any  _ALL LIVING CHILDREN OF PRESENT MARRIAGE._ |
| **9.** Have you flown within the past three years, or do you intend to fly other than as a passenger? Have you, within the past three years, or do you intend to participate in hazardous sports such as: auto, motorcycle, motorboat or snowmobile racing; underwater diving, parachuting; hang gliding, mountain climbing, etc.? If yes, complete Aviation and/or Hazardous Activity Questionnaire, FORM UND 6033.   Yes ☐  No ☒ | **NOV 25 1981** |
| **10.** Are you now at work at your usual occupation for the above-named Employer on a full-time basis?   Yes ☒  No ☐ | **17.** Special Requests |
| **11.** Details to Number 8, 10 and 13. | Date for Chicago Arrival— the 15th or 1st of Month Whichever is Later |
| **#8 ADDITIONAL RLR PENDING** | |

It is represented that all statements and answers to questions in this application, which shall consist of Parts I and II (or medical examination supplement Part II), and all supplemental questionnaires if applicable, are complete and true to the best of my knowledge and belief. I agree that no obligation shall exist against General Life unless the insurance applied for is used and the first premium paid while I am alive and the health, habits, occupation and any conditions affecting insurability remain the same as represented in this application, and then the liability of the Company shall be only as specified in the policy. Further, it is agreed and understood that no information acquired by any representative of the Company shall be binding upon the Company unless set out in writing in this application. No waiver or modification shall be binding upon the Company unless in writing and signed by an officer of the Company. No change in amount, classification, age at issue, plan of insurance or benefits shall be effective unless agreed to in writing by the proposed insured and owner.

## ACKNOWLEDGEMENT AND AUTHORIZATION

I hereby acknowledge receipt of a notice titled "Notice to Applicants for Insurance" respecting the filing and distribution of medical information concerning myself and a receipt of a notice respecting the Fair Credit Reporting Act, Public Law 91-508. I understand the information obtained by use of this Authorization will be used to determine eligibility for insurance and eligibility for benefits under an existing policy.

I hereby authorize any licensed physician, medical practitioner, hospital, clinic or other medical or medically related facility, insurance company, the Medical Information Bureau or other organization, institution or person that has any records or knowledge of me or my health to give to the General Life Insurance Corporation of Wisconsin or its reinsurers any such information. A photographic copy of this authorization shall be as valid as the original. I agree this authorization shall be valid for two and one half years from the date shown below.

I also authorize General Life Insurance Corporation of Wisconsin or its reinsurers to release any information regarding me or my health to the Medical Information Bureau and to the other life insurance companies in which I have policies or to whom I may apply, or to whom a claim for benefits may be submitted.

Signed at _CHICAGO ILLINOIS_ on _11. 10. 81_ mo. day year

Witness (Licensed Resident Agent as Required) _Gerald S. Adelman, C.L.U._

X _W.L. Greville_
Proposed Insured

X _____
Signature of Spouse

X _____
Owner

PROPOSED INSURED  DR. WARWICK L. GREVILLE

1.  a.  Name and address of your personal physician (If none, show "none.")  DR. B. McDONAGH  1300 E. CENTRAL ROAD  ARLINGTON HEIGHTS 60005
    b.  Have you consulted with a physician or been hospitalized in the past two years?  Yes ☐  No ☐  If yes, explain.
    c.  What treatment was given or medication prescribed?

| 2. Have you ever been treated for or ever had any known indication of | Yes | No |
|---|---|---|
| a. Disorder of eyes, ears, nose or throat? | ☐ | ☒ |
| b. Dizziness, fainting, convulsions, headache, speech defect, paralysis or stroke, mental or nervous disorder? | ☐ | ☒ |
| c. Shortness of breath, persistent hoarseness or cough, blood spitting, bronchitis, pleurisy, asthma, emphysema, tuberculosis, allergies, hayfever, or chronic respiratory disorder? | ☐ | ☒ |
| d. Chest pain, palpitation, high blood pressure, rheumatic fever, heart murmur, heart attack or other disorder of the heart or blood vessels? | ☐ | ☒ |
| e. Jaundice, intestinal bleeding, ulcer, hernia, appendicitis, colitis, diverticulitis, hemorrhoid, recurrent indigestion, or other disorder of the stomach, intestine, liver or gallbladder? | ☐ | ☒ |
| f. Sugar, albumin, blood or pus in urine, veneral disease, stone or other disorder of kidney, bladder, prostate or reproductive organ? | ☐ | ☒ |
| g. Diabetes, thyroid or other endocrine disorders? | ☒ | ☐ |
| h. Neuritis, sciatica, rheumatism, arthritis, gout, or disorder of the muscles or bones, including the spine, back or joints? | ☐ | ☒ |
| i. Deformity, lameness or amputation? | ☐ | ☒ |
| j. Disorder of skin, lymph glands, cyst, tumor or cancer? | ☐ | ☒ |
| k. Anemia or other disorder of the blood? | ☐ | ☒ |
| l. Excessive use of alcohol, sedatives, or any habit-forming drug? | ☐ | ☒ |
| 3. Are you now under observation or taking treatment? | ☒ | ☐ |
| 4. Have you had any change in weight in the past year? | ☐ | ☒ |
| 5. Other than above, have you with the past 5 years: | | |
| a. Had any mental or physical disorder not listed above? | ☐ | ☒ |
| b. Had a checkup, consultation, illness, injury, surgery? | ☒ | ☐ |
| c. Been a patient in a hospital, clinic, sanitarium, or other medical facility? | ☐ | ☒ |
| d. Had electrocardiogram, X-ray, blood sugar, basal metabolism, other diagnostic test? | ☒ | ☐ |
| e. Been advised to have any diagnostic test, hospitalization, or surgery which was not completed? | ☐ | ☒ |
| 6. Have you ever had military service deferment, rejection or discharge because of a physical or mental condition? | ☐ | ☒ |
| 7. Have you ever requested or received a pension, benefits, or payment because of an injury, sickness, or disability? | ☐ | ☒ |

DETAILS of "Yes" answers:  IDENTIFY QUESTION NUMBER' CIRCLE APPLICABLE ITEMS. Include diagnoses, dates, duration and names and addresses of all attending physicians and medical facilities.

2G. SINCE 1970 HAS DAILY MEDS ON INSULIN   5b. CHECK UP ONLY EKG - NEGATIVE - 1981   1975 - BP. HEART + LUNG
3. FULLY UNDER CON TROL DR. McDONAGH   DR. McDONAGH - 1300 E. CENTRAL AVE.   BLOOD + URINE TEST
1300 E. CENTRAL  ARLINGTON HEIGHTS.   ARLINGTON HEIGHTS, ILLINOIS.   DR. McDONAGH.

8. Family History: Tuberculosis, diabetes, cancer, high blood pressure, heart or kidney diseases, mental illness or suicide.   ☐ ☒

| | Age if Living | Cause of Death | Age at Death |
|---|---|---|---|
| Father | 79 | | |
| Mother | 75 | | |
| Brothers and Sisters No. Living 4 | 51, 50, 48, 38 | | |
| No. Dead 0 | | | |

9.  | | Yes | No |
|---|---|---|
| a. Have you ever had any disorder of menstruation, pregnancy or of the reproductive organs or breasts? | | |
| b. To the best of your knowledge and belief are you now pregnant? | | |

I HEREBY REPRESENT that, to the best of my knowledge and belief, the statements and answers in Part II of this Application are full, complete, and true. These statements and answers are to be considered as the basis for any insurance written hereon.

Dated  NOVEMBER 2 C11  19 81

Signed at (City and State)  CHICAGO ILLINOIS       Signature of PROPOSED INSURED

LICENSED AGENT'S REPORT

PREMIUM MODE
☐ List Bill Annual
☐ List Bill Semi-Annual
☐ List Bill Quarterly
☐ List Bill Monthly
☐ PAC

PREMIUM ON INSURANCE APPLIED FOR

Life Insurance  $

RLR Fund

Waiver of Premium

Accidental Death

Certificate Fee

Total  $

|  | Yes | No |
|---|---|---|
| 1. Are you related to the Proposed Insured? | ☐ | ☒ |
| 2. Do you have any financial interest in any business which the Proposed Insured is affiliated? | ☐ | ☒ |
| 3. Has any application for insurance on the Proposed Insured ever been declined or postponed or limited by any company? | ☐ | ☒ |
| 4. Have you any unfavorable information affecting the insurability of the persons proposed for insurance? | ☐ | ☒ |

If any question is answered "Yes," enter the question number below and state particulars.

5. How long have you known the Proposed Insured?  NEW CLIENT
6. Annual Salary of the Proposed Insured.  $ +/50,000
7. Was payment made with Application?  ☐ ☒   If yes, state amount paid $

I hereby certify that I personally solicited and secured the application, and I know of nothing adversely affecting the insurability of the Proposed Insured not fully set forth

Do you have knowledge or reason to believe that replacement of existing insurance or annuities may be involved?  Yes ☐  No ☒

Gerald S. Adelman, C.L.U.
Agent's Signature